

| | |
|---|---|
| CAMMY K. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEOSHO R-V SCHOOL DISTRICT, | ) |
| | ) |
| and | ) **00-0457-CV-W-4-** |
| | ) |
| THE BOARD OF EDUCATION FOR | ) Cause No. |
| NEOSHO R-V SCHOOL DISTRICT, | ) |
| | ) |
| and | ) |
| | ) |
| RONALD BARTON, in his official | ) |
| capacity as Superintendent of the Neosho | ) |
| R-V School District. | ) |

## COMPLAINT

NOW COMES Plaintiff Cammy Brown and for her cause of action against the

Defendants states as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action under 42 U.S.C. § 1983 seeking a Declaratory

Judgment that Defendants application of and actions under color of state law R.S.Mo.

§§ 168.071 and 163.114 deprives Plaintiff of her right to freely associate as guaranteed

by the First Amendment to the Constitution of the United States; to the right of privacy

as guaranteed by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the

Constitution of the United States; and to the right of due process of law as guaranteed

by the Fifth and Fourteenth Amendments to the Constitution of the United States.

-1-

2.  Plaintiff also seeks an order that Defendants be temporarily and permanently restrained and enjoined from invoking and pursuing license revocation procedures under R.S.Mo. § 168.071, and dismissing Plaintiff from her employment as a teacher with Defendant School District.

## JURISDICTION

3.  The Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343 relating to actions arising under 42 U.S.C. § 1983 to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution of the United States. Declaratory and Injunctive relief are authorized by 28 U.S.C §§ 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

4.  Plaintiff is a natural born citizen and resident of Newton County, Missouri, in the Western District of Missouri, residing at 702 South College Street, Neosho, Missouri.

5. Defendant School District is a Missouri Public School District located in Newton County, Neosho, Missouri.

6  Defendant Board of Education of the Neosho R-V School District is a Missouri Public Board of Education located in Newton County, Neosho, Missouri. Kevin Wilson, Judy Day, Bobby Bryant, Violet Branham, Mike Franks, Cheryl Hawkins and Steve Marble are Members of the Board of Education.

7. The Board of Education is responsible for the administration and enforcement of Chapter 168 R.S.Mo.

8.  Defendant Ronald Barton is the Superintendent of the Neosho R-V School

-2-

District.

## GENERAL ALLEGATIONS

9.   Plaintiff was employed by the Neosho R-V School District, of Neosho, Missouri in 1992 and is currently a "permanent teacher" in the School District under the provisions of R.S.Mo. § 168.104(4).

10.   During her tenure as a teacher Plaintiff has satisfactorily performed all of her duties. She has always received high performance ratings and she has not been the subject of disciplinary action until the events described herein.

11.   In late fall and early winter 1999, Plaintiff e-mailed private revealing pictures of herself from her home computer to a person she had developed a relationship with over the Internet and through telephone conversations.

12.   Plaintiff later learned that the person she was conversing with on the Internet was acting in cooperation with her estranged husband, Richard Brown, from whom she had been separated since August, 1999.

13.   On various occasions Plaintiffs estranged husband threatened that he would show the private photos to the Superintendent if she did not take him back.

14.   In December, 1999, Plaintiffs estranged husband entered Plaintiffs home without permission and took computer disks with private revealing photographs of Plaintiff on them.

15.   On or about January 9, 2000, Plaintiff received a telephone call and e-mail from a person claiming to be Renee Cooper informing her she had until midnight to take her husband back or she was going to e-mail Plaintiffs private pictures to the principal and Superintendent.

-3-

16.  On or about January 10, 2000, Plaintiff informed her principal and Superintendent that her estranged husband and a woman connected to him intended to deliver an e-mail to them with an attachment of private revealing photographs of Plaintiff.

17.  During this same meeting, Plaintiff informed her principal and Superintendent that she had e-mailed revealing pictures of herself to someone she met on the Internet.

18.  Plaintiff also informed her principal and Superintendent that her husband had obtained the pictures wrongfully by entering her home, and that he was and had been mentally and physically abusive towards her.

19.  At the close of this meeting, the Superintendent assured Plaintiff that this was a personal matter and that she should not worry about the situation.

20.  On or about January 10, 2000, the principal and Superintendent received an e-mail note and attached photographs, which charged plaintiff with e-mailing revealing photographs of herself to a person she was corresponding with on the Internet.

21.  On or about January 10, 2000, Plaintiffs estranged husband requested the Superintendent to arrange a meeting between the Board of Education, the Superintendent, Renee Cooper and Sharon Webbstone to discuss personal matters involving Plaintiff.

22.  The Superintendent denied this request.

23.  After denying Plaintiffs estranged husband's request, the Superintendent told the Board of Education of the situation, and informed them that he did not intend to take any action against Plaintiffs employment because it involved a personal matter.

-4-

24.  The Board of Education agreed with the Superintendent's handling of the matter and no action was taken at that time.

25.  After the Superintendent and Board of Education did not respond to Plaintiffs estranged husband's actions, "Renee Cooper" later set up a meeting with the Superintendent and brought him additional private pictures of Plaintiff in early March, 2000.

26.  On or about March 10, 2000, Plaintiffs principal called her into the office and said that it would be in her best interest to resign.

27.  On or about March 10, 2000, Plaintiff met with the Superintendent to discuss the situation.

28.  At this meeting, the Superintendent expressed that he was concerned that the matter would become public because "Renee Cooper" threatened that she would make the information public.

29.  During this meeting, Plaintiffs divorce attorney told the Superintendent that she was in the process of getting a protective order to prevent Plaintiffs estranged husband and friends from distributing the pictures.

30.  The Superintendent expressed it would help the situation if Plaintiff obtained a protective order.

31.  On or about March 152000, Missouri-NEA Representative Lori Cox spoke to the Superintendent. The Superintendent informed Ms. Cox that he was very concerned that the situation was going to become public.

32.  During the same conversation, the Superintendent informed Ms. Cox that he had spoken to a reporter from The Joplin Globe newspaper about the situation.

-5-

33. On or about March 15, 2000, the Superintendent placed Plaintiff on a leave of absence with pay.

34. On or about March 16, 2000, The Joplin Globe published an article about Plaintiffs personal affairs. (Attached as Exhibit 1).

35. The Superintendent was the sole source of The Joplin Globe's information which made Plaintiffs personal affairs public on March 16, 2000. The Superintendent stated that Plaintiff sent nude pictures of herself to persons on the Internet and condemned Plaintiffs activity, stating that "she might be able to get by with this in Chicago. .. But, she can't get away with it in Neosho."

36. Plaintiff made every reasonable effort to avoid the disclosure of her private affairs to the public and declined various reporters' requests for interviews.

37. On March 16, 2000, Plaintiff obtained a temporary restraining order prohibiting Plaintiffs estranged husband, Renee Cooper, and any other person acting on their behalf from disseminating or distributing private information or photographs involving Plaintiff. (Attached as Exhibit 2).

38. The court entered a permanent restraining order preventing Plaintiffs estranged husband, Renee Cooper, and any other person acting on their behalf from disseminating or distributing private information or photographs involving Plaintiff on April 21, 2000. (Attached as Exhibit 3).

39. On March 22, 2000, a Board of Education member recognized that although the Board had to address personnel issues, the District had to respect Plaintiffs privacy.

40. On April 28,2000, the Board of Education announced that it intended to initiate proceedings at the Missouri Department of Elementary and Secondary

-6-

Education ("DESE") to revoke Plaintiffs teaching license pursuant to R.S.Mo. § 168.071.

41.    On May 11, 2000, the Board of Education approved a resolution to seek revocation of Plaintiffs teaching license on the basis of immoral conduct, and announced that it intended to file papers with DESE on May 12, 2000.

42.    If DESE were to revoke Plaintiffs teaching license she would no longer be able to teach in the Neosho R-V School District or any other School District in the State of Missouri.

## COUNT I – 42 U.S.C. § 1983
## Unconstitutional Deprivation of and Interference with
## Property Rights, Privacy Rights, and Freedom of Association

NOW COMES Plaintiff Cammy Brown and for her cause of action against the NEOSHO R-V SCHOOL DISTRICT (hereafter "the School District"), THE BOARD OF EDUCATION FOR THE NEOSHO R-V SCHOOL DISTRICT (collectively referred to as "the Board of Education") and RONALD BARTON, in his official capacity as Superintendent of the Neosho R-V School District states:

43.    Plaintiff realleges and incorporate as part of Count I, paragraphs numbered l-42 as if set out herein in full.

44.    The Defendants purport under color of state law R.S.Mo. §§ 168.071 and 162.114, R.S.Mo., to exercise the power and authority to seek revocation of Plaintiff's license and to terminate Plaintiff from employment with the Neosho R-V School District for immoral conduct.

45.    Plaintiff presently suffers and will continue to suffer irreparable harm from Defendants' action in suspending her unless this Court enjoins Defendants' unlawful

-7-

actions before said; Plaintiff has no other adequate legal or administrative remedy in law.

46. R.S.Mo. § 168.101 provides that any teacher who has been employed in the same school district for five successive years shall be deemed a permanent teacher.

47. R.S.Mo. § 168.106 provides that the contract between a permanent teacher and a school district shall be designated an indefinite contract and not be terminated except through the provisions of R.S.Mo. §§ 168.114 - 168.120.

48. Plaintiff has been employed by the Defendants for a period of seven years, is a permanent teacher and a party to an indefinite contract with Defendants.

49. R.S.Mo. §§ 168.071 and 168.114 provide, respectively, for revocation of a teaching license and termination of an indefinite contract on the basis, among other things, of immorality, which, as alleged herein, is specifically that Plaintiff sent revealing pictures of herself to an individual that she met on the Internet.

50. Application of R.S.Mo. §§ 168.071 and 168.114 in such a fashion violates Plaintiffs right to freely associate and right to privacy as guaranteed by the Constitution of the United States in Amendments One, Four, Five, Nine and Fourteen.

51. Such application of R.S.Mo. §§ 168.071 and 168.114 further violates the rights of Plaintiff secured by the Fifth and Fourteenth Amendments to the United States Constitution in that the statute provides no reasonable or ascertainable standards to govern the exercise of power delegated by R.S.Mo. §§ 168.071 and 168.114 thus denying Plaintiff the right to due process of law.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1343;

-8-

B.   Enter a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, ordering Defendant to continue Plaintiff, with pay, as an employee of said School District;

C.   Enter a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, prohibiting Defendants from pursuing license revocation procedures against Plaintiff under R.S.Mo. § 168.071;

D.   Enter a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, prohibiting Defendants from pursuing termination charges against Plaintiff under R.S.Mo. § 168.114;

E.   Enter a judgment declaring that R.S.Mo. §§ 168.041 and 168.114 as applied to Plaintiff, are violative of Plaintiffs right to privacy, right to freely associate and right to due process of law as secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States;

F. After an opportunity for a hearing, that the Court enter an order preliminarily and permanently restraining and enjoining Defendants from invoking and pursuing revocation of Plaintiffs teaching license under R.S.Mo. § 168.071.

G.   After an opportunity for a hearing, that the Court enter an order preliminarily and permanently restraining and enjoining Defendants from further denying Plaintiff her right to permanent employment under color of R.S.Mo. §§ 168.114 through 168.120 and entering an order directing Defendants to retain Plaintiff as a teacher in good standing and ordering the Defendants to expunge all references to the aforesaid disciplinary action from the records and files of the school district and to return all of Plaintiffs personal pictures to her.

H.    Award Plaintiff such further and alternative relief as the Court deems just, equitable and proper, including her costs and disbursements herein, including reasonable attorneys' fees.

## COUNT II – 42 U.S.C. § 1983
**Revelation of Private Conduct**

NOW COMES Plaintiff Cammy Brown and for her cause of action against the NEOSHO R-V SCHOOL DISTRICT (hereafter "the School District"), THE BOARD OF EDUCATION FOR THE NEOSHO R-V SCHOOL DISTRICT (collectively referred to as "the Board of Education") and RONALD BARTON, in his official capacity as Superintendent of the Neosho R-V School District states:

52.    Plaintiff realleges and incorporate as part of Count II, paragraphs numbered I-42 as if set out herein in full.

53.    Said acts of Defendant Superintendent in publically revealing private and personal information about Plaintiff constituted a violation of Plaintiffs right to freely associate and right to privacy as guaranteed by the Constitution of the United States in Amendments One, Four, Five, Nine and Fourteen.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.    Assume jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1343;

B.    Enter a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, restraining Defendant Superintendent from revealing private and personal information regarding Plaintiff to third parties;

C.    After an opportunity for a hearing, that the Court enter an order preliminarily and permanently restraining and enjoining Defendant Superintendent from revealing

-10-

private and personal information regarding Plaintiff to third parties.

D. Award Plaintiff such further and alternative relief as the Court deems just, equitable and proper, including her costs and disbursements herein, including reasonable attorneys' fees.

Respectfully submitted,

SCHUCHAT, COOK &WERNER

Christopher T. Hexter (W.D.Mo. 25318)
Stacey A. Meyers (W.D.Mo. 50172)
1221 Locust Street, Second Floor
St. Louis, MO 63103-2364
(314) 621-2626
FAX: 314-621-2378

Attorneys for Plaintiff

162763.WPD

-11-

# THE JOPLIN GLOBE

## Teacher refuses to resign; nude photographs at issue

**By Jeff Lehr**
Globe Staff Writer

NEOSHO, Mo. — A fifth-grade teacher's job is in jeopardy because nude photographs of her that she allegedly e-mailed to an Internet "friend" were anonymously turned in to school officials.

Ron Barton, interim superintendent for Neosho R-5 schools, placed middle school teacher Cammy Brown on a temporary leave of absence on Wednesday.

"We wanted her to resign," Barton said. "We thought that would be the best thing. But, I don't want to violate her civil rights."

He said the leave of absence will remain in effect until the district has worked the matter out with Brown.

Barton said he had not viewed the photographs himself and did not wish to do so. He said he had an assistant look at them and confirm that they were nude photographs of Brown.

Barton said a perceived likelihood that the existence of the photos would become public knowledge compromised her credibility as a teacher in the Neosho community.

Brown, who could not be reached for comment, declined to sign a letter of resignation on Wednesday, Barton said.

She instead contacted the Missouri National Education Association's office in Springfield. The school district's action drew immediate criticism from the MNEA.

Teachers' advocate Lori Cox said the district has defamed Brown's character.

"If she loses any credibility from this, it's because of the district's stand," Cox said.

Cox said Barton was not providing completely accurate information about the matter. But, she declined further comment.

Barton said Brown believes her estranged husband, Richard Brown, is behind an anonymous woman's delivery of the photographs to school of-

See Teacher, Page 12A

> **"If** she loses any credibility from this, it's because of the district's stand."
>
> — Lori Cox,
> MNEA teachers'
> advocate

> **"She** might be able to get by with this in Chicago. But she can't get away with it in Neosho."
>
> — Ron Barton,
> Neosho interim
> superintendent



EXHIBIT 1

# Teacher

Continued from Page 1A

ficials.

Barton said the pictures apparently were e-mailed to a "friend" Cammy Brown met over the Internet via her home computer.

He said what a teacher does in the privacy of his or her home is not normally a district concern.

"But if it becomes public knowledge that she's doing that sort of thing, we have a problem," Barton said.

He said the anonymous courier's delivery of the photographs to school officials and preceding telephone conversations that he'd had with Richard Brown suggested the matter was bound to become widely known.

"He's called me and ... in the past," Barton said. "But, he always can ...

He said the district ... became aware of the matter through Brown's complaint to Neosho police that Richard Brown had been harassing her by telephone in January.

Barton said he did not know the e-mail allegedly ... to whom.

He said the woman ... ally delivered the photographs to school officials, provided ... name.

Richard Brown is ... officer and the current municipal court clerk in Webb City. Watson said. ... Richard Brown, who ... Centerville, could not be reached for comment Wednesday ...

Newton County Circuit Court records indicate he was ... with violating a restraining order ...

Jan. 31.

Scott Watson, Newton County prosecuting attorney, said the charge was based on Cammy ...

Watson said the day he filed the charge, Cammy Brown called him to report that she believed someone had entered her Neosho home and stolen her computer about two weeks earlier.

She expressed a belief that pictures she had stored on the computer were being used to her detriment, Watson said.

Watson said he did not know whether Cammy Brown subsequently reported either the theft or her suspicions to police. He said he has not received any indication from police that they were investigating such a theft report.

Richard Brown is a former chief of communications in the Webb City Police Department, where he worked from October 1992 until October of last year, according to the city clerk's office.

Police Chief Don Richardson declined to discuss why Brown no longer works for the department.

Richardson said it was a personnel matter and referred all questions to City Attorney Paul Taylor, who could not be reached for comment.

Barton said the scandal is "a terrible embarrassment" to the school district.

Cammy Brown has been employed by the district for seven years, Barton said.

"She might be able to get by with this in Chicago," he said. "But, she can't get away with it in Neosho.

"The parents of these fifth-graders just aren't going to have any respect for her."

Case 4:00-cv-00457-GAF   Document 1   Filed 05/15/00   Page 13 of 16

# IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI
## AT NEOSHO, DIVISION I

CAMMY KAY BROWN,                    )
               Petitioner,          )
                                   )
vs.                                )  Case No. CV 300-224CC
                                   )
RICHARD NELSON BROWN,               )
               Respondent.         )
                                   )
vs.                                )
                                   )
RENEE COOPER,                       )
               Respondent.         )

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

**NOW** upon motion duly made, and a review of the pleadings, the Court determines that there is a need for a temporary restraining order restraining and prohibiting Respondent, Richard Nelson Brown and Respondent, Renee Cooper or any other person acting on their behalf from further disseminating or distributing private information or photographs of Petitioner.

**THEREFORE,** it is an Order of this Court that the Respondent, Richard Nelson Brown and Respondent, Renee Cooper or any other person acting on their behalf from further disseminating or distributing private information or photographs of the Petitioner.

**EXECUTED** this /6 day of February 3, 2000.

_____
Honorable Timothy W. Perigo



## IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI
## AT NEOSHO, DIVISION I

CAMMY KAY BROWN,                      )
                   Petitioner,        )
                                      )
vs.                                   ) Case No. CV300-224CC
                                      )
RICHARD NELSON BROWN,                 )
                   Respondent.        )
                                      )
vs.                                   )
                                      )
RENEE COOPER,                         )
                   Respondent.        )

### ORDER GRANTING RESTRAINING ORDER

**NOW** on this 28ᵗʰ day of March, 2000, the following among other proceedings were had, to-wit: The above cause coming on for hearing, Petitioner appears in person and by her attorney, Patricia Brock Loveland of 123 East Main, Neosho, Missouri; the Respondent, Richard Nelson Brown appears in person and by his attorney, Dan Whitworth of Joplin, Missouri; Respondent, and unknown person also known as Renee Cooper fails to appear.

**WHEREUPON,** all and singular the matters contained in the Motion are taken up by the Court and testimony and evidence adduced and entered into the record.

**THEREFORE** it is an Order of this Court that the Respondent, Richard Nelson Brown and unknown Respondent, also known as Renee Cooper, or any other person acting on their behalf from further disseminating or distributing private information concerning any and all explicit photographs of the Petitioner nor disseminating such photographs of the Petitioner.

**IT IS SO ORDERED THIS** this ___2̶1̶___ day of April, 2000.

Honorable Gregory Stremel

EXHIBIT

3

APR 2 ? 2000

PEGGY L. S⁻ ...
CIRCU.. ..⁻..K...⁻ ...



STATE OF MISSOURI              )
                               ) ss
COUNTY OF NEWTON               )


I, PEGGY SPICER, Clerk of the Circuit Court within and for said County, do hereby certify that the above and foregoing are true and correct as the same appears of record in my office.


IN WITNESS WHEREOF, I hereby affix my hand and seal at my office in Neosho, Missouri, this _____31_____ day of _____April_____, 2000.


*Peggy Spicer*
PEGGY SPICER, CIRCUIT CLERK


By *Van Stufflebeam*
Deputy Clerk